IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| LISA FORD, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   No. 07-2721-STA |
| FEDEX SUPPLY CHAIN SERVICES, INC., | ) |
| | ) |
|       Defendants. | ) |

_____

**ORDER AFFIRMING THE CLERK OF COURT'S BILL OF COSTS**
_____

     Before the Court is Plaintiff Lisa Ford's Appeal of the Clerk of Court's Bill of Costs (D.E. # 38) filed on May 27, 2009. For the reasons set forth below, the Bill of Costs is **AFFIRMED**.

**BACKGROUND**

     Plaintiff brought this action against her former employer FedEx Supply Chain Services, Inc. alleging employment discrimination because of race in violation of Title VII of the Civil Rights Act of 1964. The Court granted Defendant's motion for summary judgment on March 3, 2009. Defendant filed a bill of costs pursuant to Fed. R. Civ. P. 54(d) seeking reimbursement for expenses in the amount of $2,113.50. The Clerk of Court conducted a hearing on May 14, 2009, at which Plaintiff and counsel for Defendant appeared. After hearing and considering Plaintiff's objections to the costs, the Clerk of Court issued an order awarding Defendant $2,113.50 on May 18, 2009. That order included instructions to Plaintiff that she had five (5) days in which to file

any objections to the order taxing costs pursuant to Fed. R. Civ. P. 54(d). On May 27, 2009, Plaintiff filed a timely appeal (D.E. # 38) of the Clerk's order. However, Plaintiff utilized only a form for filing appeals and did not detail or explain her objections in any other way.

## STANDARD OF REVIEW

Fed. R. Civ. P. 54(d)(1) provides that [u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."[1] Rule 54 further permits the party against whom costs are taxed to file objections to the Clerk of Court's order within five (5) days. Title 28 U.S.C. § 1920 specifies the costs that a prevailing party may recover including

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Under Rule 54(d), after the clerk fixes the costs, a motion may be made for judicial review of the clerk's decision.[2] "The function of the court in the process of taxing costs is merely to review

---

[1] Fed. R. Civ. P. 54(d)(1).

[2] Fed. R. Civ. P. 54(d)(1). The Supreme Court has adopted an amendment to the Rule which will allow the party against whom costs are taxed seven (7) days in which to appeal the award. U.S. Order 09-17, Mar. 26, 2009. The new version will take effect on Dec. 1, 2009.

the determination of the clerk."[3]  The party opposing the clerk's award of costs has the burden of persuading the court that it was improper.[4]  Although there is a presumption in favor of awarding costs to the prevailing party in accordance with Rule 54(d), the Court may deny an award of costs in its discretion.[5]  Factors that may be sufficient to deny a cost award include the losing party's good faith in litigating the suit, the difficulty of the case, the winning party's behavior, the reasonableness of the costs, and whether the losing party is indigent.[6]  A losing party's indigent status alone does not preclude a court from taxing costs against that party.[7]  Likewise, the ability of the prevailing party to pay his own costs is irrelevant in the court's determination of whether to award costs.[8]  Moreover, the Sixth Circuit continues to indicate that an award of Rule 54 costs to prevailing employers in employment discrimination cases is appropriate.[9]

---

[3] *BDT Prods. v. Lexmark Int'l*, 405 F.3d 415, 417 (6th Cir. 2005) (quoting 10 C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure: Civil 3d* § 2679 (1998)).

[4] *Weaver v. Toombs*, 948 F.2d 1004, 1014 (6th Cir. 1991); *see also* 10 C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure: Civil 3d* § 2679 (1998).

[5] *Tuggles v. Leroy-Somer, Inc.*, 328 F. Supp. 2d 840, 841 (W.D. Tenn. 2004).

[6] *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 739 (6th Cir. 1986).

[7] *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989).

[8] *Singleton v. Smith*, 2441 F.3d 534 (6th Cir. 2001).

[9] *See, e.g., Hunter v. General Motors Corp.*, 161 Fed. Appx. 502, 503-04 (6th Cir. 2005); *Bawle v. Rockwell Int'l Corp.*, 79 Fed. Appx. 875, 877 (6th Cir. 2003); *Bivins v. U.S. Pipe & Foundry Co.*, 48 Fed. Appx. 570, 572-73 (6th Cir. 2002).

## ANALYSIS

The Court finds no error in the Clerk's award of costs to Defendant in the amount of $2,113.50. The case at bar was not "close and difficult." The issues presented were not complex, the litigation was not protracted.[10] In fact, Defendant took only one deposition. The costs associated with the deposition were as follows: $1,041.50 charged by Alpha Reporting Corp. for recording Plaintiff's deposition and creating a transcript, and $795.00 for the video production of Plaintiff's deposition. The rest of the costs Defendant seeks relate to copying charges for Plaintiff's medical records totaling $256.00 and postage in the amount of $20.50. The Sixth Circuit has accepted that videotaped deposition costs are taxable under 28 U.S.C. § 1920.[11] Overall the Court finds that the costs are reasonable.

Second, it is true that Plaintiff has argued to the Court on another occasion that she could not afford legal counsel (D.E. # 24), and Defendant is a corporation more able to bear the costs. However, those factors are not relevant to the award of costs. There is a presumption in favor of awarding costs to the prevailing party, even large corporations. Plaintiff has offered nothing in support of her objection to the costs to challenge this presumption. In fact, Plaintiff presented several reasons to the Clerk of Court why an award of costs was not appropriate: (1) her pending appeal; (2) the fact that Plaintiff did not request the deposition; (3) her contention that Defendant could have obtained her medical records directly from her at no cost; (4) her contention that the deposition contained "untrue matters;" (5) her contention that her medical condition adversely

---

[10] *White & White*, 786 F.2d at 732.

[11] *BDT Prods. v. Lexmark Int'l*, 405 F.3d 415, 420 (6th Cir. 2005) (awarding costs not directly mentioned in 28 U.S.C. § 1920 which were "necessarily incurred in th[e] case").

affected her case.  The Clerk of Court rejected these reasons.  The Court agrees that they provide no grounds for rebutting the presumption in favor of awarding costs to the prevailing party in this case.  Therefore, the Clerk's Order Taxing Costs is **AFFIRMED**.

    **IT IS SO ORDERED.**

                                       **s/ S. Thomas Anderson**
                                       S. THOMAS ANDERSON
                                       UNITED STATES DISTRICT JUDGE

                                       Date: June 2nd, 2009.